UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRANCE JOE QUINLAN,

    Petitioner,

v.

ROXANNE A. REESE,

    Respondent.

CASE NO. 2:22-cv-00076-RAJ-JRC

REPORT AND RECOMMENDATION

NOTED FOR: June 3, 2022

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

Petitioner initiated this matter in January 2022 by filing a motion for leave to proceed *in forma pauperis* ("IFP") and proposed petition. Dkt. 1. The Court has not yet ruled on his IFP motion. Instead, the Court has issued two orders for petitioner to show cause. Most recently, the Court reviewed petitioner's filings and explained that first, he had not shown that he could not afford the $5 filing fee for this matter. Dkt. 11, at 1. In addition, petitioner has not complied with the Court's directions regarding the habeas corpus petition:

REPORT AND RECOMMENDATION - 1

     Petitioner has also filed portions of this Court's § 2254 form. He filed one document with the first and last pages of the Court's form and another document with his ground for relief. *See* Dkts. 7, 10. However, he must file his habeas petition as *one* complete document and may not divide it over multiple filings.

     In addition, even if the Court considers Dkts. 7 and 10 together as his habeas petition, it is deficient. Petitioner has not named "the state officer who has custody" over him as a respondent; he has not provided the date of the judgment of conviction and of sentencing; he has not provided basic information about his appeal(s), such as the date of result(s) and name(s) of the court(s); and he has not provided details pertaining to any post-conviction proceedings or any direct appeals relevant to the ground for relief that he raises.

     Finally, the Court notes that petitioner appears to raise a claim of excessive force during his arrest. Petitioner does not explain the relevance of his claim of excessive force, however. In general, a claim of excessive force does not undermine the validity of a prosecution. *See, e.g.*, *Turner v. San Diego Sheriffs 5 Does*, No. CIV. 13-0868 LAB WVG, 2013 WL 1628158, at *2 (S.D. Cal. Apr. 15, 2013) (rejecting habeas claim for excessive force because "it does not challenge the constitutional validity or duration of confinement"). Petitioner must allege some cognizable theory connecting force allegedly used to effect his arrest to his claim that he is entitled to have this Court order his release from custody and that the excessive force somehow undermines the validity of his conviction(s) and sentence(s). Petitioner should be aware that in general, a 42 U.S.C. § 1983 action is the appropriate remedy for a prisoner who is challenging the conditions of his arrest or confinement, but not the fact or length of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

     In addition, the Court takes judicial notice that petitioner has two pending 42 U.S.C. § 1983 matters in this District in which petitioner alleges that he is entitled to damages due to the allegedly excessive force used to accomplish his arrest. *See* Dkt. 29, 2:21-cv-0091-TSZ-JRC; Dkt. 7, 2:22-cv-0075-BJR-JRC. Petitioner should be aware that he is not entitled to bring two cases asserting the same claims within this Court. Litigants "generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant." *See Adams v. California Dep't of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007).

Dkt. 11, at 2–3. The Court warned petitioner that if he did not comply with the second order to show cause by May 6, 2022, the Court would dismiss the matter without prejudice. The Court directed petitioner to (1) pay the filing fee or show cause why he could not afford to do so and (2) amend his proposed petition by filing a completed petition on the Court's form with all required information. Dkt. 11, at 3–4.

REPORT AND RECOMMENDATION - 2

Petitioner has submitted an affidavit regarding the filing fee but has not made any attempt to comply with the Court's order to file a second amended petition. Dkt. 12. Accordingly, the Court recommends that this matter be dismissed without prejudice for failure to comply with a Court order. Petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. Pursuant to this standard, this Court concludes that petitioner **is not** entitled to a certificate of appealability with respect to this petition. Moreover, the pending motion to proceed IFP should be denied as moot, since this case is being dismissed for failure to comply with a Court order.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on June, 3, 2022 as noted in the caption. A copy of this Report and Recommendation shall be sent to petitioner.

Dated this 12th day of May, 2022.

J. Richard Creatura
Chief United States Magistrate Judge